UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION
CIVIL ACTION NO.: 2:13-CV-01827-UNAS-VEH

| | |
|---|---|
| CAROLINE GLOVER, an individual, and MELVIN GLOVER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CHECK'N GO OF ALABAMA, INC. (Check'n Go), a foreign corporation; UNITED DEBT HOLDING, LLC, a foreign corporation; AXCESS RECOVERY & CREDIT SOLUTIONS, INC., a foreign corporation,<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); out of the Telephone Consumer Protection Act ("TCPA"); as well as arising out of invasions of Plaintiffs' personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

-1-

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff, Carolina Glover, is a natural person who resides in the City of Bessemer, County of Jefferson, State of Alabama, and is a "consumer" as defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA and TCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff, Melvin Glover, is a natural person who resides in the City of Bessemer, County of Jefferson, State of Alabama, and is a "consumer" is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA and TCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6. Defendant Check'n Go of Alabama, Inc. (hereinafter "Check'n Go") is a payday loan / check advance lender collection agency operating from multiple addresses in an around Alabama, specifically, Bessemer, Jefferson County, Alabama.

7. Defendant United Debt Holding, LLC ("UDH") is a Delaware limited liability company that purchases receivables and/or debt that is in default and engages in and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Axcess Recovery & Credit Solutions, Inc. ("ARCS") is an Ohio corporation that is and/or has been used as the in-house debt collection arm of Check'n Go and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. On or around June 2012, Plaintiff Caroline Glover incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal loan debt with Check'n Go, in the approximate amount of $300.00.

10. On or about April 15, 2013 and May 3, 2013, Plaintiff made payments to Check'n Go.

11. Sometime thereafter, the debt with Check'n Go was consigned, placed or otherwise transferred to the other named Defendants for collection from Plaintiff Caroline Glover.

12. On or about January, 2013, Defendants contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. Plaintiff Caroline Glover and Defendants had a telephone conversation on August 22, 2013, and Defendants implied that they would have Plaintiff

Caroline Glover arrested, stating she "would need bail money." Defendants further proceeded to say they would "take her social security check" if prompt payment was not made.

14. When Plaintiff Caroline Glover offered to pay the Defendants $25.00 a month, Defendants told her "it was not enough" and "to go buy some soup with it."

15. This was not the first time Defendants attempted to call and collect from Plaintiff Caroline Glover, as there were numerous other calls placed to her husband, Plaintiff Melvin Glover, and her daughter, Cynthia Glover.

16. Defendants also illegally used an autodialer, predictive dialer, and/or made pre-recorded calls to Plaintiffs' cell phones without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

17. Specifically, Plaintiff Melvin Glover never gave Defendants permission to call his phone, as he did not take out the loan with Check'n Go made the basis of this suit.

18. Defendant Check'n Go is liable for these calls under the TCPA as they were made by its in-house debt collection arm, ARCS, and they informed the Plaintiffs they were collecting this account on behalf of Check'n Go.

19. All of the above-described collection communications made to Plaintiffs by Defendants were made in violation of numerous and multiple provisions of the FDCPA & TCPA, including but not limited to 15 U.S.C. §§ 1692b(1),

1692b(5), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692(f), amongst others.

## SUMMARY

20. All of the above-described collection communications made to Plaintiffs by Defendants were made in violation of numerous and multiple provisions of the FDCPA & TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein.

21. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA & TCPA, including but not limited to all of the above mentioned provisions of the FDCPA & TCPA, as well as an invasion of the Plaintiffs' privacy by an intrusion upon seclusion.

22. This series of abusive collection calls by Defendants, increased Plaintiff Caroline Glover's stress, causing her to lose sleep at night, and ultimately having to take medication. Plaintiffs also suffered from feelings of depression, having anxiety attacks, nervousness, as well as feeling physically and emotionally drained because of the aggressive and illegal manner in which this debt was collected by these Defendants.

23. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional

distress, fear, frustration, being upset, humiliation, embarrassment, as well as suffering from unjustified and abusive invasions of personal privacy.

24. During their collection communications, Defendants repeatedly failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692(f), amongst others.

25. Defendants repeated attempts to collect this debt from Plaintiffs, making these and similar statements, was an invasion of Plaintiffs' privacy and their right to be left alone.

26. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff, Caroline Glover, and caused her an unnecessary strain in her personal relationship with her spouse, as well as with other family members.

**NEGLIGENT AND WANTON HIRING AND SUPERVISION**

27. Defendants negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TELEPHONE CONSUMER PROTECTION ACT
### 15 U.S.C. § 1692 *et seq.*

29. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA & TCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA & TCPA, 15 U.S.C. § 1692 *et seq.* and 47 U.S.C. § 227 *et. seq.*, with respect to Plaintiffs.

31. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

32. Under the TCPA, Plaintiffs are entitled to statutory damages of $500.00 per phone call made to Plaintiffs, as well as being entitled up to $1,500.00 per

phone call made willfully and knowingly in violation of said statute. Plaintiffs are also entitled to injunctive relief from the Defendants contacting Plaintiffs.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

33. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

34. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

35. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

36. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt, harassing and threatening Plaintiffs, unlawfully calling Plaintiff Caroline Glover's spouse and daughter and disclosing private information, and thereby invading Plaintiffs' privacy.

37. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' rights to privacy.

38. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

39. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple

intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

41. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

42. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and are thereby responsible to Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT and TELEPHONE CONSUMER PROTECTION ACT

### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiffs;

- for a permanent injunction to prevent future violations of the FDCPA by Defendant;

- for such other and further relief as may be just and proper.

### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. Section 227 *et. seq*.

- for an award of actual damages for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiffs;

- statutory damages of $500.00 to $1,500.00 per call for Plaintiffs;

- for a permanent injunction to prevent future violations of the TCPA by Defendants; and

- for such other and further relief as may be just and proper.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and TCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT III.
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiffs; and

- for such other and further relief as may be just and proper.

Dated:  May 27, 2014                          Respectfully submitted,

**OF COUNSEL:**                               /s/ Brian L. Spellen
**THE TRINITY LAW GROUP, LLC**                **Brian L. Spellen, Esq.**
1933 Richard Arr., Jr., Blvd. S.              *Attorney for Plaintiff*

Ste. 223  
Birmingham, AL 35209  
P: 205-820-9474  
F: 615-345-1252  
E: brian@thetrinitylawgroup.com

ASB-3262-N70S


**SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**United Debt Holding, LLC**
**c/o National Registered Agents, Inc.**
**160 Greentree Drive, Suite 101**
**Dover, DE 19904**

**Axcess Recovery & Credit Solutions, Inc.**
**c/o The Corporation Trust Company**
**Corporation Trust Center**
**1209 Orange Street**
**Wilmington, DE 19801**


CERTIFICATE OF SERVICE

　　I, the undersigned counsel of record, do hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via U.S. Postal Mail on this the 6th day of June, 2014 as follows:

James P. Pewitt, Esq.  
6 Office Park Circle, Ste. 116  
Birmingham, AL 35223  
P: 205-874-6686

　　　　　　　　　　　　　　　　　　　/s/ Brian L. Spellen  
　　　　　　　　　　　　　　　　　　　Of Counsel